F. #2020R00228

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DAVID COOPER,
JOHN LOWE,
RANDY GREWAL, and
RICHARD RINGEL,

                Defendants.

STIPULATION AND ORDER

25 CR 10 (DG)

- - - - - - - - - - - - - - - - - - X

       IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and defendants and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

       1.    All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendants David Cooper, John Lowe, Randy Grewal and Richard Ringel (the "Defendants"), and the Defendants' counsel ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

       2.    Discovery Materials, however designated, and any and all copies, notes, transcripts, or documents derived from the Discovery Materials, may be used by the Defendants, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed or

1

contracted by Defense Counsel, as well as expert witnesses, investigators, interpreters and vendors retained by Defense Counsel that have been advised of and agreed to be bound by the terms of this Stipulation and Order) only for the purposes of defending against the charges in the above-captioned case.

3. Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendants and/or Defense Counsel by the government, and any copies, notes, transcripts, or documents derived from the Discovery Materials, shall not be further disclosed or disseminated by the Defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4. None of the Discovery Materials nor any copies, notes, transcripts, or documents derived from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

5. The Defendants and Defense Counsel will return to the government all copies of the Discovery Materials provided by the government through discovery in this case at the conclusion of this matter, specifically when the defendant concludes all efforts to defend against the criminal charges in the above-captioned case, including but not limited to preparing for any trial or sentencing, appeal, or collateral attack which was commenced within a year of the exhaustion of the defendant's appellate rights, involving the criminal charges in the above-captioned case. Should he file a successive collateral attack, after the one year period, upon request of the government, the defendant (or his defense counsel) shall be provided a copy of the previous discovery.

6. Some Discovery Materials to be provided by the government contain personal financial information and personally identifiable information regarding individuals other than the Defendants (collectively, "PII Material"), including information relating to the bank accounts, email accounts, telephone numbers, addresses, social security numbers and dates of birth of those other individuals. For PII Material, the Defendants may not possess a copy unless the PII has been redacted from those documents. However, the Defendants may review unredacted PII Material in the presence of Defense Counsel or Defense Staff, whether in-person or virtual. Absent further order of the Court, the Defendants and Defense Counsel may not disclose or disseminate unredacted PII Material to anyone other than to Defense Staff. Absent further order of the Court, the Defendants, Defense Counsel, or Defense Staff may not use the PII contained within the PII Material, whether directly or indirectly, for any purpose.

7. In the event that the Defendants seek to file PII Material with the Court or otherwise use PII Material during a court proceeding, the Defendants and Defense Counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, including ensuring that court transcripts are appropriately redacted to protect PII and financial information.

8. Certain Discovery Materials will be specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material"). The Defendants may review Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff, whether in-person or virtually. The Defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, or documents derived from the Sensitive Discovery Material.

9. The Defendants, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

10. Where the defendant and/or defense counsel wishes to attach any portion of the Sensitive Discovery Material to public filings made with the Court, defense counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

11. Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the Defendants may provide notice to the government and a reasoned explanation regarding why the Defendants do not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Sensitive Discovery Material.

4

The parties shall treat the material as Sensitive Discovery Material pending any determination by the Court.

12. Nothing in this Stipulation and Order shall preclude any party from seeking (a) a further protective order pursuant to Rule 16(d) as to particular items of the Discovery Materials, or (b) modification of this Protective Order;

13. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Criminal Rule 23.1 of the Local Rules of the Eastern District of New York.

14. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

5

15. Any violation of this Stipulation and Order (a) will require the immediate destruction or return to the United States of the Discovery Material and all copies thereof, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
February 26, 2025

JOHN J. DURHAM
United States Attorney
Eastern District of New York

By: _____
Jessica K. Weigel
Assistant U.S. Attorney

_David Cooper_____
David Cooper
Defendant

_____
Zach Intrater, Esq.
Attorney for David Cooper

_____
John Lowe
Defendant

_____
Eric Franz, Esq.
Attorney for John Lowe

_____
Randy Grewal
Defendant

_____
Deirdre Von Dornum, Esq.
James Darrow, Esq.
Attorneys for Defendant Randy Grewal

_____
Richard Ringel
Defendant

_____
Scott Leemon, Esq.
Attorney for Richard Ringel

So Ordered.

_____
THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

6

15. Any violations of this Stipulation and Order (a) will require the immediate destruction or return to the United States of the Discovery Material and all copies thereof, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
February 26, 2025

JOHN J. DURHAM
United States Attorney
Eastern District of New York

By: _____
Jessica K. Weigel
Assistant U.S. Attorney

_____
David Cooper
Defendant

_____
Zach Intrater, Esq.
Attorney for David Cooper

_____
John Lowe
Defendant

_____
Eric Franz, Esq.
Attorney for John Lowe

_____
Randy Grewal
Defendant

_____
Deirdre Von Dornum, Esq.
James Darrow, Esq.
Attorneys for Defendant Randy Grewal

_____
Richard Ringel
Defendant

_____
Scott Leemon, Esq.
Attorney for Richard Ringel

So Ordered.

_____
THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

6

15. Any violation of this Stipulation and Order (a) will require the immediate destruction or return to the United States of the Discovery Material and all copies thereof, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
       February 26, 2025

By: _____
    Jessica K. Weigel
    Assistant U.S. Attorney

JOHN J. DURHAM
United States Attorney
Eastern District of New York

_____
David Cooper
Defendant

_____
Zach Intrater, Esq.
Attorney for David Cooper

_____
John Lowe
Defendant

_____
Eric Franz, Esq.
Attorney for John Lowe

_____
Randy Grewal
Defendant

_____
Deirdre Von Dornum, Esq.
James Darrow, Esq.
Attorneys for Defendant Randy Grewal

RICHARD RINGEL
_____
Richard Ringel
Defendant

_____
Scott Leemon, Esq.
Attorney for Richard Ringel

So Ordered.

_____
THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

6

15. Any violation of this Stipulation and Order (a) will require the immediate destruction or return to the United States of the Discovery Material and all copies thereof, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
February 26, 2025

JOHN J. DURHAM
United States Attorney
Eastern District of New York

By: _____
Jessica K. Weigel
Assistant U.S. Attorney

_____
David Cooper
Defendant

_____
Zach Intrater, Esq.
Attorney for David Cooper

_____
John Lowe
Defendant

_____
Eric Franz, Esq.
Attorney for John Lowe

_____
Randy Grewal
Defendant

_____
Deirdre Von Dornum, Esq.
James Darrow, Esq.
Attorneys for Defendant Randy Grewal

_____
Richard Ringel
Defendant

_____
Scott Leemon, Esq.
Attorney for Richard Ringel

So Ordered.

_____
THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

SO ORDERED.

/s/ Diane Gujarati
_____
DIANE GUJARATI
United States District Judge

Dated: ___March___ __6__, 20_25_
Brooklyn, New York

6